**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**MARY LEE THORNTON** **CIVIL ACTION**

**VERSUS** **NO. 26-185-SDD-EWD**

**NATIONS LENDING CORP., ET AL.**

***CONSOLIDATED WITH***

**MARY THORNTON** **CIVIL ACTION**

**VERSUS** **NO. 26-308-SDD-EWD**

**LOANCARE, LLC, ET AL.**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 29, 2026.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**MARY LEE THORNTON** **CIVIL ACTION**

**VERSUS** **NO. 26-185-SDD-EWD**

**NATIONS LENDING CORP., ET AL.**

***CONSOLIDATED WITH***

**MARY THORNTON** **CIVIL ACTION**

**VERSUS** **NO. 26-308-SDD-EWD**

**LOANCARE, LLC, ET AL.**

**MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER[1]**

Before the Court are the following motions: "Motion to Dismiss, Motion to Compel Production of Original Note, and Verified Federal Complaint for Damages Under the False Claims Act, Fraud, Deceptive Practices, Extortion, RESPA, FDCPA, RICO, and Other Claims;"[2] "Plaintiff's Omnibus Filing: Combined Motions to Decline Magistrate and Maintain Separate Defendants; Motion to Void 'Death Pledge'; and Verified Counterclaim for $5,000,000;"[3] "Praecipe to the Clerk of Courts (Writ of Instruction to the Clerk of Courts) Regarding Petitioner's

---

[1] Plaintiff filed a "Plaintiff's Omnibus Filing: Combined Motions to Decline Magistrate and Maintain Separate Defendants; Motion to Void 'Death Pledge'; and Verified Counterclaim for $5,000,000," requesting, in part, that her case be heard by a district judge. R. Doc. 7. (Documents in the Court record of Case No. 26-185 are referred to as "R. Doc. __." Documents in Case No. 26-308 are referred to as "R. Doc. __, Case No. 26-308."). *See also* R. Doc. 16, p. 1 (reiterating Plaintiff's demand for adjudication for all matters in this case by an Article III judge). Regarding Plaintiff's attempted declination of consent to a magistrate judge and/or demand for adjudication of all matters in this case by a district judge, the undersigned has the authority to conduct activity in any case as authorized by Congress in 28 U.S.C. § 636. This case was referred to the undersigned for disposition. The undersigned will file this Report and Recommendation regarding disposition of the pending motions under 28 U.S.C. § 636(b)(1)(B) and (C). The parties will then have fourteen (14) days after service the Report and Recommendation to file any written objections. The assigned district judge will make a de novo determination of any objected-to portions of the proposed findings and/or recommendations as provided in the statute, without deference to the undersigned's findings and recommendations.

[2] R. Doc. 3.

[3] R. Doc. 7.

Certified mail # 9589 0710 5270 2540 7322 26

Petition to the Court for the issuance of a Writ of habeas Corpus;"[4] "Plaintiff's Omnibus Filing: Motion for Leave to Amend; First Amended Verified Counterclaim; and Proposed Order;"[5] "Plaintiff's Motion for Summary Judgment to Void Mortgage;"[6] "Motion to Proceed Sui Juris;"[7] and "Motion for Leave to File Second Amended Complaint,"[8] filed by Mary Lee Thornton ("Plaintiff"), who is representing herself. Plaintiff's requests for relief are unclear. To the extent Plaintiff wants to amend her original Complaint, leave should be denied without prejudice. However, Plaintiff should be given an opportunity to file a comprehensive amended complaint that contains all her claims against each defendant, and that clearly and succinctly states the basis for relief against each defendant, without reference to any other document in the record. As further explained below, it is recommended that Plaintiff's other motions be denied, either because they lack merit, are procedurally improper, or are premature considering the recommendation that Plaintiff clarify her claims. Further, because it is recommended that Plaintiff amend her original Complaint, it is also recommended that Defendants Lakeview Loan Servicing, LLC's, and LoanCare, LLC's Motion to Dismiss Plaintiff's Amended Complaint[9] be denied without prejudice to reurging dismissal in response to any amended complaint.

## I. Background

Although Plaintiff has had cases pending in this Court for under six months, numerous filings have made the nature and status of Plaintiff's claims confusing.

---

[4] R. Doc. 8.

[5] R. Doc. 9.

[6] R. Doc. 11.

[7] R. Doc. 27.

[8] R. Doc. 28. Defendants Lakeview Loan Servicing, LLC, and LoanCare, LLC filed an opposition to Plaintiff's Motion for Leave to File Second Amended Complaint. *See* R. Doc. 35.

[9] R. Doc. 30.

**Case No. 26-185**

Plaintiff filed her original Complaint in Case No. 26-185 on or about February 20, 2026 on a standard complaint form. While the caption of the original Complaint states that the defendants are Nations Lending Corporation ("Nations Lending") and LoanCare/Lakeview Servicing Corporation,[10] later on the Complaint form, Plaintiff lists the defendants as follows: Nations Lending Corporation, Keller Williams Reality [sic], JP Realestate LA, LLC, and Priority Title & Escrow, LLC.[11] As the basis for federal question jurisdiction, Plaintiff lists the following statutes: UCC Articles 3 and 9, 28 USC 1331, RICO 18 USC 1962, 31 USC 3729, 16 CFR 433.1(a), 12 USC 83A, 28 USC 2007, 12 USC 1431, 12 USC 412, 15 USC 44, UCC 1-308, and 15 USC 1.[12] For the statement of her claim, the original Complaint asserts as follows: "On or around January 31, 2022 I was coerced into signing my signature on a deed and trust for property 12572 E Sheraton Ave that was paid in full and promisery [sic] note was cashed in and sold to another party which was LoanCare from Nations Lending."[13] In the original Complaint, Plaintiff seeks $20 million in compensatory and punitive damages, treble damages where permitted by statute, injunctive relief, correction of mortgage account, attorney fees and costs, and any other relief deemed just and proper.[14]

On or about February 20, 2026, Plaintiff filed the "Motion to Dismiss, Motion to Compel Production of Original Note, and Verified Federal Complaint for Damages Under the False Claims Act, Fraud, Deceptive Practices, Extortion, RESPA, FDCPA, RICO, and Other Claims;"[15] which

[10] R. Doc. 1, p. 1.

[11] R. Doc. 1, p. 2.

[12] R Doc. 1, p. 3.

[13] R. Doc. 1, p. 4.

[14] R. Doc. 1, p. 5.

[15] R. Doc. 3.

seeks the following relief: dismissal of all claims and adverse actions for lack of standing, production of the original wet-ink promissory note for inspection, and production of other items. In the motion, Plaintiff blanketly alleges causes of action under the False Claims Act (31 U.S.C. § 3729), common law fraud, deceptive trade practices, extortion, negligent misrepresentation, breach of contract, RESPA violations, FDCPA violations, and civil RICO (18 U.S.C. § 1962). Plaintiff also asserts a "counterclaim" against "Counter-Defendants," but does not identify the counter-defendants. The "counterclaim" appears to arise out of the same factual bases as Plaintiff's original claims.[16]

On or about April 7, 2026, Plaintiff filed a document titled, "Plaintiff's Omnibus Filing: Combined Motions to Decline Magistrate and Maintain Separate Defendants; Motion to Void 'Death Pledge'; and Verified Counterclaim for $5,000,000."[17] In that document, Plaintiff declines consent to a magistrate judge, which is addressed above. Plaintiff also moves to maintain separate defendants, to "void the 'death pledge,'" and states that she "counter-sues Defendants, jointly and severally," for $5,000,000 for slander of title, LUTPA violations, and intentional infliction of emotional distress.[18] To the extent this document purports to the amend the original Complaint, Plaintiff filed the document without leave and had already amended the original Complaint with her February 20, 2026 filing.[19]

---

[16] R. Doc. 3, p. 6. On or about May 11, 2026, Plaintiff filed a "Memorandum of Authorities in Support of Motion to Compel Production of Original Instrument" in support of this motion. R. Doc. 10. The same date, Plaintiff filed a document titled, "Rule 37(a)(1) Certificate of Good Faith Conference," which seems to be in support of the request for production of certain information. R. Doc. 13.

[17] R. Doc. 7.

[18] R. Doc. 7, p. 2.

[19] *See* R. Doc. 3, pp. 4-6 (which is phrased "Federal Complaint for Damages"); *see also* Fed. R. Civ. P. 15, which states in relevant part: "A party may amend its pleading once as a matter of course…. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. Proc. 15(a)(1)-(2).

On or about April 13, 2026, Plaintiff filed a document titled, "Praecipe to the Clerk of Courts (Writ of Instruction to the Clerk of Courts) Regarding Petitioner's Petition to the Court for the issuance of a Writ of habeas Corpus."[20] This document purports to provide notice to the Clerk of Court regarding various contentions and appears to seek judicial remedy for what Plaintiff characterizes as a restraint on her liberty by unidentified "respondents." The document also reiterates that Plaintiff wishes to have this case heard by an Article III judge.[21]

On or about May 11, 2026, Plaintiff filed a document titled, "Plaintiff's Omnibus Filing: Motion for Leave to Amend; First Amended Verified Counterclaim; and Proposed Order."[22] Here, Plaintiff says she seeks to clarify that her counterclaim seeks damages of $5,000,00 per entity and seeks judgment against Nations Lending Corporation and LoanCare, LLC. On the same date, Plaintiff also filed a "Plaintiff's Motion for Summary Judgment to Void Mortgage."[23]

On or about June 18, 2026, Plaintiff filed a document titled, "Amended Complaint: Demand for Damages and Criminal/Civil Statutory Violations." This document appears to be a supplemental complaint related to LoanCare, LLC ("LoanCare") and Lakeview Loan Servicing, LLC ("Lakeview") "bypass[ing] the authority of this Court by mailing a fraudulent, out-of-court threat of immediate 'seizure of property' targeted for August 2026."[24] This "Amended Complaint" asserts claims under the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692e and 1692f), civil rights violations under 42 U.S.C. §§ 1983 and 1985, and a notice of criminal liability for mail fraud

[20] R. Doc. 8.

[21] R. Doc. 8-1, p. 6.

[22] R. Doc. 9.

[23] R. Doc. 11.

[24] R. Doc. 22. Nations Lending is not referenced in this document.

and extortionate threats under 18 U.S.C. §§ 1341 and 873.[25] To the extent this document purports to the amend the original Complaint, Plaintiff filed the document without leave, and had already amended the original Complaint of right with her February 20, 2026 filing (in addition to the other amendments described above). This document also contains an "Emergency Motion for TRO and Preliminary Injunction."[26]

On or about July 6, 2026, Plaintiff filed a document titled, "First Amended Complaint," which appears to assert some of the same claims previously asserted but, again, appears to be a supplemental complaint arising out of Defendants' "written notice threatening an 'immediate seizure of her home scheduled for August 2026."[27] As with the June 18 filing, only LoanCare and Lakeview are listed as Defendants.[28] Further, as with the June 18th filing, Plaintiff asserts causes of action under the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692e and 1692f). Plaintiff also asserts claims for RESPA violations under 12 U.S.C. § 2605 and intentional infliction of emotional distress. To the extent this document purports to the amend the original Complaint, Plaintiff filed the document without leave and had already amended the original Complaint of right with her February 20, 2026 filing (in addition to the other amendments described above).

On or about July 13, 2026, Plaintiff filed a document titled "Motion for Leave to File Second Amended Complaint."[29] The attached "Second Amended Complaint lists Nations Lending, Lakeview and LoanCare" as defendants in the caption, but only lists Nations Lending Corporation

---

[25] R. Doc. 22, p. 2. Though Plaintiff also references RESPA (12 U.S.C.§ 2605) in the "Jurisdiction and Applicable Law" section of this document, she fails to address RESPA when listing her causes of action and statutory violations. R. Doc. 22, pp. 1-2.

[26] R. Doc. 22, pp. 3-4. To the extent this document contains an "Emergency Motion for TRO and Preliminary Injunction," it has been recommended that Plaintiff's request for injunctive relief be denied. R. Doc. 34.

[27] R. Doc. 24. Nations Lending is not referenced in the "First Amended Complaint."

[28] R. Doc. 24, p. 1.

[29] R. Doc. 28.

and Lakeview as defendants in the body and only requests issuance of summonses for these two entities (not LoanCare).[30] The same date, Plaintiff filed a "Motion to Proceed Sui Juris," seeking to represent herself in this case.[31]

Also, on July 6 and July 13, 2026, Plaintiff filed two, "Federal Court – Emergency Motion for TRO and Preliminary Injunction" (together, the "Emergency Motion")[32] in which she asks this Court to enjoin a foreclosure sale of her home scheduled for August 6, 2026. Though Plaintiff earlier contended that no case of foreclosure was pending,[33] Defendants have provided evidence that a foreclosure proceeding was filed on May 1, 2026.[34] Plaintiff seemingly admits in the second Emergency Motion that a foreclosure case does exist.[35] The undersigned issued a Report and Recommendation on July 22, 2026, recommending denial of the Emergency Motion because

---

[30] R. Doc. 28-1, pp. 2, 6. Though the "Cover Letter to Clerk of Court" (R. Doc. 28-3) states that a summons for LoanCare, LLC was included, only summonses for Lakeview and Nations Lending are attached. *See* R. Doc. 28-2.

[31] R. Doc. 27.

[32] R. Docs. 25, 29.

[33] *See* R. Doc. 25, p. 1 ("No foreclosure case exists, no writ has been issued, and no judge has authorized any seizure.") and R. Doc. 26, p. 1 ("Plaintiff confirmed with the 19th Judicial District Court and the East Baton Rouge Parish Sheriff that no foreclosure case exists and no writ has been issued."). Indeed, part of the basis for some of Plaintiff's claims in her earlier filings is that "Defendants" misrepresented that a foreclosure case was pending. *See, e.g.*, R. Doc. 22, which alleges that LoanCare and Lakeview "bypassed the authority of this Court by mailing a fraudulent, out-of-court threat of immediate 'seizure of property' targeted for August 2026."

[34] *See* R. Doc. 30-5 (Petition for Executory Process). The same day Defendants filed their Opposition to Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 25), Defendants Lakeview and LoanCare also filed a Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss"), seeking dismissal of Plaintiff's claims for failure to state a claim and improper service. R. Doc. 30. Defendants' Motion to Dismiss attaches exhibits, including the Petition for Executory Process, that are incorporated by reference into their opposition to Plaintiff's Emergency Motion. *See* R. Doc. 31, p. 1.

[35] R. Doc. 29, p. 1 ("1. Plaintiff's home is scheduled for foreclosure sale on August 6, 2026, creating imminent and irreparable harm. 2. Defendants lacked standing at inception to foreclose, failed to prove possession of the note, and initiated foreclosure without proper authority."). This statement acknowledges that a foreclosure sale was "initiated," allegedly without proper authority. The Petition for Executory Process, filed by Lakeview and LoanCare in Louisiana state court, references the seizure and sale of Plaintiff's property. *See* R. Doc. 30-5, p. 3, ¶ 5 ("The Mortgagor confessed judgment upon the Note and Mortgage and consented that if the same were not paid in accordance with their terms and conditions, the Property might be seized and sold by executory process for cash with or without benefit of appraisement and without the necessity of legal demand for payment or putting in default.").The Petition for Executory Process also requests that the Louisiana state court issue a writ of seizure and sale commanding the sheriff of East Baton Rouge Parish to seize and sell the property. R. Doc. 30-5, p. 5.

Plaintiff's request is barred by the Anti-Injunction Act, 28 U.S.C. § 2283, and also fails on the merits.[36]

**Case No. 26-308**

Plaintiff filed another lawsuit on or about March 19, 2026 against LoanCare and Lakeview.[37] In that case, Plaintiff alleges that she executed a mortgage and promissory note on January 31, 2022. Plaintiff further alleges that LoanCare and Lakeview are not the original holders of the promissory note and have failed to produce the original, wet-ink promissory note, a valid chain of assignments, authenticated endorsements, or lawful proof of transfer of the debt.[38] Plaintiff contends that, "[w]ithout proof of ownership of the note, [LoanCare and Lakeview] lack standing to enforce the mortgage."[39] Plaintiff also alleges that LoanCare and Lakeview demanded payments not legally owed, threatened foreclosure without standing, and refused to validate the debt upon her request.[40] Although Plaintiff handwrote in various federal statutes and claims this Court has jurisdiction under 28 U.S.C. § 1331 because the case involves federal mortgage servicing and consumer protection issues, Plaintiff only provides factual support for the following four "counts": fraud and intentional misrepresentation, extortionate conduct, violation of the Louisiana Unfair Trade Practices Act, and lack of standing/failure to produce the note.[41] In that case, Plaintiff requests declarations that LoanCare and Lakeview lack standing to enforce the promissory note and mortgage, that these defendants be ordered to produce the original note and all assignments, and that any fraudulent or improperly executed documents be declare null and void. Plaintiff also

---

[36] R. Doc. 34.

[37] R. Doc. 1, Case No. 26-308.

[38] R. Doc. 1, p. 2, Case No. 26-308.

[39] *Id.*

[40] *Id.*

[41] R. Doc. 1, p. 3, Case No. 26-308.

seeks to enjoin these defendants from any foreclosure or collection activity, and an award of $5 million in damages, as well and costs, fees and any other additional relief deemed proper by the Court.[42]

**Consolidation**

The Court ordered the cases consolidated for all purposes on March 30, 2026.[43] The Court also granted Plaintiff pauper status on February 25, 2026, but originally withheld the issuance of process and service.[44] On May 21, 2026, the Court ordered the Clerk of Court to issue process and ordered service on the defendants by the United States Marshals Service.[45]

**Appearance of Lakeview and LoanCare**

Lakeview and LoanCare appeared on July 15, 2026 and filed the Motion to Dismiss, which seeks dismissal of Plaintiff's First Amended Complaint under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) for insufficient service of process and failure to state a claim.[46] Lakeview and LoanCare also filed a combined opposition[47] to Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 28) and to the Emergency Motion (Doc. 29).[48]

[42] R. Doc. 1, p. 4, Case No. 26-308.

[43] R. Doc. 6.

[44] R. Doc. 5.

[45] R. Doc. 17.

[46] R. Doc. 30.

[47] R. Doc. 35.

[48] Defendants Lakeview and LoanCare also filed an opposition to the Plaintiff's Emergency Motion (R. Doc. 25), filed on July 6, 2026. R. Doc. 31.

## II. Law and Analysis

**Standard for Amendment of Pleadings**

Here, Plaintiff's filings have caused significant confusion about what claims she is bringing and against which entities. The "First Amended Complaint,"[49] filed on July 6, 2026 is the most recently filed complaint.[50] As noted, above, the "First Amended Complaint," appears to assert some of the same claims previously asserted but, also seems to be in the nature of a supplemental complaint because it references what appears to be the new action of Defendants' "written notice threatening an 'immediate seizure of her home scheduled for August 2026."[51] In the "First Amended Complaint," Plaintiff asserts causes of action under the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692e and 1692f, RESPA violations under 12 U.S.C. § 2605, and intentional infliction of emotional distress, a state law tort. Notably, Plaintiff's "First Amended Complaint" did not specifically adopt or incorporate by reference any of Plaintiff's prior pleadings. As such, the "First Amended Complaint" "rendered the [prior pleadings] of no effect…"[52] and "entirely superseded and took the place of the" earlier pleadings.[53] In other words, at this point, the operative

[49] R. Doc. 24.

[50] Although Plaintiff filed an original Complaint and then filed several prior amendments without leave of court, which is technically a violation of Federal Rule of Civil Procedure 15, because no defendant had appeared as of the time Plaintiff filed the First Amended Complaint, the pleadings filed up to that point will not be stricken from the record.

[51] R. Doc. 24, p. 1.

[52] *Raskin on behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 282, n. 1 (5th Cir. 2023).

[53] *Clark v. Tarrant County, Texas*, 798 F.2d 736, 740 (5th Cir. 1986)(citations omitted), and *see Raskin on behalf of JD*, 69 F.4th at 282, n. 1 ("Although we construe Raskin's pro se pleadings liberally, see *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993), we cannot say that her amended complaint 'specifically refers to and adopts or incorporates by reference' the original complaint, *King*, 31 F.3d at 346."). *See also Foster v. Jayden Hosp., LLC*, No. 20-359, 2021 WL 4498558, at *3 (M.D. La. Sept. 14, 2021), report and recommendation adopted, No. 20-359, 2021 WL 4497482 (M.D. La. Sept. 30, 2021) (Dick, C.J.) ("[A]s [the pro se] Plaintiff's Amended Complaint does not incorporate any previous Complaints, said Amended Complaint supersedes any prior filings and is now the only operative Complaint in this case."). Therefore, the original Complaint and all amendments before Plaintiff filed the "First Amended Complaint" are of no effect.

Complaint that contains Plaintiff's claims is the "First Amended Complaint," without reference to any of Plaintiff's earlier-filed pleadings.[54]

**Plaintiff's Motion for Leave to File Second Amended Complaint[55] Should Be Denied Without Prejudice; Plaintiff Should Be Ordered to File a Comprehensive Amended Complaint to Clarify Her Claims; and Defendants' Motion to Dismiss[56] Should Be Denied Without Prejudice**

Allowing Plaintiff leave to file what she calls a "Second Amended Complaint," but which is actually more like the fifth or sixth attempt at amendment, will not clarify this case. As noted, above, the proposed "Second Amended Complaint" lists Nations Lending, Lakeview, and LoanCare as defendants in the caption, but only lists Nations Lending Corporation and Lakeview as defendants in the body and only requests issuance of summonses for these two entities (not LoanCare).[57] Therefore, the defendants are not clear. Additionally, Plaintiff alleges in the "Second Amended Complaint" that "Defendants violated federal regulations governing mortgage servicing, disclosures, and financial reporting, including 12 U.S.C. § 2605 (RESPA servicing disclosures); 12 C.F.R. § 1024 (Regulation X servicing standards); 12 U.S.C. § 5531 (UDAAP); and 15 U.S.C. § 1692 (FDCPA debt collections standards)."[58] It appears this is the first time in Plaintiff's pleadings that she has referenced violations of Regulation X or the UDAAP.[59] The "Second Amended Complaint" also alleges claims for fraud, breach of contract, failure to provide full accounting, unjust enrichment, wrongful foreclosure and failure to disclose material information.[60]

---

[54] The causes of action vary in each iteration of Plaintiff's complaint. *See* R. Docs. 1, 3, 22, 24. Despite Plaintiff's failure to comply with Federal Rule of Civil Procedure 15, this Report and Recommendation considers the First Amended Complaint, which is the one most recently filed, Plaintiff's operative complaint.

[55] R. Doc. 28.

[56] R. Doc. 30.

[57] R. Doc. 28-1, pp. 2, 6.

[58] *Id.* at p. 4.

[59] The UDAAP is Unfair, Deceptive, or Abusive Acts or Practices, 12 U.S.C. § 5531.

[60] R. Doc. 28-1, pp. 4-5.

However, Plaintiff's conclusory allegations in support of these claims are insufficient to state a claim. For example, with regard to the RESPA, Regulation X, UDAAP and FDCPA claims, Plaintiff merely states that "Defendants failed to disclose material information required under federal law, including servicing transfers, escrow exchanges and financial accounting."[61] Plaintiff's conclusory statement as to Defendants' failures to provide information without further factual support is insufficient.[62] Similarly, with regard to the additional claims in the "Second Amended Complaint," Plaintiff has just one sentence of factual support. For example, for the fraud claim, Plaintiff says, "Defendant made false or misleading representations regarding loan funding, servicing, accounting, and foreclosure."[63] Plaintiff does not say what the false or misleading representations were or when they occurred. Regarding the breach of contract and failure to provide a full accounting claims, Plaintiff just states in a conclusory fashion that "Defendants breached the mortgage contract and servicing obligations," and "failed to provide a complete accounting."[64] She does not say how the defendants allegedly breached their obligations, nor what accounting was requested or required.

Plaintiff's July 13, 2026 "Motion for Leave to File Second Amended Complaint"[65] should be denied without prejudice and Plaintiff should be ordered to file a comprehensive amended

---

[61] R. Doc. 28-1, p. 4.

[62] The earlier "Factual Allegations" section of the proposed "Second Amended Complaint" also does not provide sufficient information as to which defendants engaged in the conduct alleged or when. For example, while Plaintiff says, "Defendants misapplied payment, failed to credit amounts properly, and maintained inaccurate records" (R. Doc. 28-1, p. 2), she does not provide any factual support for these claims as to what payments she is claiming were misapplied, when amounts were not credited properly, what made the records inaccurate, and which defendant(s) engaged in this conduct. Likewise, Plaintiff claims that "Defendants breached contractual obligations by failing to service the loan in accordance with the mortgage agreement" (*Id.*) but she does not explain what provisions of the mortgage agreement were breached or what acts or omissions constituted a breach of those provisions.

[63] *Id.*

[64] *Id.*

[65] R. Doc. 28.

complaint that contains all her allegations against each defendant. The amended complaint should clearly set out what Plaintiff is claiming each named defendant did or did not do to harm her and under what statutory provisions she is seeking recovery.[66] It should also contain sufficient facts to support the elements of any claim she is asserting.[67] For example, the FDCPA prohibits a debt collector, defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another," from using any false or misleading representations or unfair practices (among other prohibitions) in connection with collecting or attempting to collect debt from a consumer.[68] However, a regular mortgage servicer is not a "debt collector" under the FDCPA if the mortgage is not in default.[69] Plaintiff does not allege sufficient facts to determine which of the defendants may be a debt collector because that defendant was servicing the mortgage after it was in default. Additionally, Plaintiff needs to specifically describe what the false and misleading representations or unfair practices are for each defendant against whom she is asserting an FDCPA claim.

---

[66] To state a claim against each defendant, a plaintiff may not employ "shotgun pleadings." Quintessential shotgun pleadings fail to distinguish between the actions of named defendants. Rather, these pleadings lump all defendants together and make no differentiation between defendants as to any action taken with respect to the claim. *See Sahlein v. Red Oak Capital, Inc*., No. 13-67, 2014 WL 3046477, at *3-4 (N.D. Miss. July 3, 2014) (dismissing complaint where "numerous paragraphs in the complaint attribute[d] discrete actions … to all or multiple defendants without explaining the basis for such grouping or distinguishing between the relevant conduct of the named Defendants."); *Martin v. Tesoro Corp*., No. 11-1413, 2012 WL 1866841, at *2 (W.D. La. May 21, 2012) (explaining that an improper "shotgun pleading" that "references all defendants collectively" makes it "impossible for the court and the parties to determine which defendant is alleged to have engaged in which acts." (citations omitted)); *In re CLK Energy Partners, LLC*, No. 09-50616, 2010 WL 1930065, at *7 (W.D. La. Bankr. May 12, 2010) ("A complaint cannot group all defendants into 'one wrongdoing monolith.'").

[67] Plaintiff should be warned that this amended complaint will be the operative complaint without reference to any other document in the Court record.

[68] 15 U.S.C. § 1692a(6); *see also* 15 U.S.C. § 1692; 15 U.S.C. § 1692e; 15 U.S.C. § 1692f.

[69] *See Castrillo v. Am. Home Mortg. Servicing, Inc*., 670 F.Supp.2d 516, 523 (E.D. La. 2009) ("If [the defendant] took the mortgage for servicing before [the plaintiff] was in default, it is not a debt collector subject to the FDCPA. *See* S.Rep. No. 95–382, 1977 U.S.C.C.A.N. 1695, at 1698 (finding that mortgage service company not a debt collector 'so long as the debts were not in default when taken for servicing'). If it took the mortgage after [the plaintiff's] default, it would be a debt collector.").

RESPA applies to loan servicing duties and requires "[e]ach servicer of any federally related mortgage loan [to] notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person."[70] When a servicer "receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan," RESPA requires a loan servicer to "provide a written response acknowledging receipt of the [qualified written request] within 5 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested by the borrower is taken within such period."[71] "Not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request," the loan servicer must make necessary corrections to the borrower's account, provide a written explanation as to why the loan servicer believes that the borrower's account is correct, or explain why the information requested is unavailable or cannot be obtained by the loan servicer.[72] In any amended complaint asserting RESPA claims, Plaintiff needs to explain what she contends was a qualified written request, what information was requested, when the request was sent, and from which entity. Plaintiff also needs to allege what actual damages she suffered because of any alleged RESPA violation(s).[73]

Plaintiff's comprehensive amended complaint should contain all the claims she intends to bring and lay out sufficient factual support for each claim. Because Plaintiff should be ordered to file a comprehensive amended complaint, Lakeview and LoanCare's Motion to Dismiss[74] should

---

[70] 12 U.S.C. § 2605(a).

[71] *Id.*, § 2605(e)(1).

[72] *Id.* § 2605(e)(2).

[73] *See, e.g., Henderson v. Wells Fargo Bank, N.A.*, 974 F.Supp.2d 993, 1018-19 (N.D. Tex. 2013) (finding that a plaintiff must allege actual damages as a result of defendant's RESPA violations and that damages in the form of attorney's fees and mental anguish are insufficient to meet the requirement), citing *Steele v. Quantum Servicing Corp.*, No. 12-2897, 2013 WL 3196544, at *7–8 (N.D. Tex. June 25, 2013).

[74] R. Doc. 30.

be terminated without prejudice to reurging once Plaintiff's claims are clarified. The other pending motions (or requests for relief within those motions) should also be denied, for the reasons explained below.

**The "Motion to Dismiss, Motion to Compel Production of Original Note, and Verified Federal Complaint for Damages Under the False Claims Act, Fraud, Deceptive Practices, Extortion, RESPA, FDCPA, RICO, and Other Claims"[75]**

This Motion seeks the following relief: dismissal of all claims and adverse actions for lack of standing, production of the original wet-ink promissory note for inspection, and production of other items. This Motion should be denied.[76] It appears that Plaintiff seeks to dismiss any claims defendants would assert in this case,[77] but no defendant has asserted a claim at this time. A motion to dismiss is a defense to a claim for relief in a pleading.[78] If no party has asserted a claim, a motion to dismiss is not properly filed. Since Plaintiff is the only one who has asserted claims in this case, there are no claims by any defendant in this Court to which Plaintiff's motion to dismiss could be directed. Plaintiff's request to compel production of the original wet-ink promissory note for inspection, and production of any other items should be denied as premature until the parties have the conference required under Federal Rule of Civil Procedure 26(f).[79] To the extent the Motion would purport to amend Plaintiff's complaint, it should be denied as moot in light of the recommendation that Plaintiff be required to file a comprehensive amended complaint that will take the place of all prior pleadings.

---

[75] R. Doc. 3.

[76] R. Doc. 3.

[77] To the extent Plaintiff is seeking to have any claims the defendants have asserted against her in state court dismissed in this case, such action is improper for the reasons explained in the Magistrate Judge's Report and Recommendation, filed on July 22, 2026. R. Doc. 34.

[78] *See* Federal Rule of Civil Procedure 12(b).

[79] *See* Federal Rule of Civil Procedure 26(d)(1), which provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except in certain cases, of which this is not one. A 26(f) conference will be postponed here until after Plaintiff sufficiently amends her pleadings.

**Plaintiff's Omnibus Filing: Combined Motions to Decline Magistrate and Maintain Separate Defendants; Motion to Void 'Death Pledge'; and Verified Counterclaim for $5,000,000"[80]**

This Motion should also be denied. Plaintiff's request for adjudication of all matters in this case by a district judge has already been addressed and should be denied.[81] Plaintiff's request to "prohibit any consolidation or 'merging' of Defendants" is unclear. The two cases filed by Plaintiff in this Court were appropriately consolidated on March 30, 2026 to achieve judicial efficiency because the cases involve common questions of law and fact.[82] To the extent Plaintiff is concerned about the Court merging the defendants' duties or confusing the defendants' independent liability, her amended complaint should make clear what each defendant is alleged to have done or not done to cause her harm, rather than referring to "defendants" generally in her claims. Plaintiff's request to "Void the Death Pledge," through which she asks this Court to declare the mortgage held by defendants null and void, should be denied. First, this relief would be precluded under the Anti-Injunction Act for the reasons set forth in the Magistrate Judge's Report and Recommendation, issued on July 22, 2026.[83] Additionally, the relief requested essentially seeks summary judgment on one of the main issues in this case without following the proper procedure for doing so. To the extent this motion purports to include a verified counterclaim, such a claim is procedurally improper. Plaintiff filed suit against the defendants and all her claims against any defendant should be asserted in an amended complaint. Asserting a counterclaim against the party originally sued to bring additional claims is not proper.

---

[80] R. Doc. 7.

[81] *See* n.1, *supra*.

[82] R. Doc. 6.

[83] R. Doc. 34.

**Praecipe to the Clerk of Courts (Writ of Instruction to the Clerk of Courts) Regarding Petitioner's Petition to the Court for the issuance of a Writ of habeas Corpus"[84]**

This Motion should also be denied. It is not clear what this document is intended to be. To the extent it is a request for issuance of a writ of habeas corpus, Plaintiff would need to seek that relief by filing a separate lawsuit. That request is not properly cumulated with her claims in this case.[85] Additionally, based on the address listed on her filings Plaintiff does not appear to meet the "in custody" requirement for habeas relief,[86] nor does it appear that she has named the correct defendant(s) for such relief.[87]

**"Plaintiff's Omnibus Filing: Motion for Leave to Amend; First Amended Verified Counterclaim; and Proposed Order"[88]**

In this filing, Plaintiff says she seeks to clarify that her counterclaim seeks damages of $5,000,00 per entity and seeks judgment against Nations Lending Corporation and LoanCare, LLC. Because it is recommended that Plaintiff be ordered to file a comprehensive amended complaint to address all her claims, this motion should be denied.

---

[84] R. Doc. 8.

[85] Rule 18 of the Federal Rules of Civil Procedure is a broad joinder rule that allows a party to "join as many claims as it has against an opposing party." However, the official commentary of Rule 18 emphasizes that amended Rule 18(a) "deals only with pleading," and "a claim properly joined as a matter of pleading need not be proceeded with together with the other claim if fairness or convenience justifies separate treatment." Fed. R. Civ. P. 18: Notes of Advisory Committee of Rule—1966 Amendment. Rule 20 permits joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and "any question of law or fact common to all defendants will arise in the action." On the other hand, if the claims arise out of the different events and do not involve all defendants, joinder should not be allowed under Rules 18(a) and 20. *Shafer v. Davis*, No. 20-167, 2020 WL 6489094, at *5 (S.D. Tex. Nov. 4, 2020), citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).

[86] *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (explaining that the federal habeas statute only gives district courts jurisdiction to entertain petitions for habeas relief from persons who are "in custody in violation of the Constitution or laws or treaties of the United States."). While a person need not be in physical custody to obtain habeas relief, they must be suffering under some restrictions or limitations on their freedom imposed by a conviction or sentence. For example, when a person is on parole on an unexpired sentence. Plaintiff does not allege that she is restricted because of a criminal conviction or sentence.

[87] *See Bell v. River Bend Detention Center*, No. 16-429, 2016 WL 4574589, at *2, n. 3 (W.D. La. June 20, 2016) ("the proper defendant in a habeas corpus petition is the official in charge of the custody of the petitioner, *i.e*. the Warden.").

[88] R. Doc. 9.

**"Motion for Summary Judgment to Void Mortgage"**[89]

This Motion should also be denied. First, the motion is procedurally improper as it does not meet the requirements of Federal Rule of Civil Procedure 56 or Local Civil Rule 56. For example, under Federal Rule of Civil Procedure 56(c), "a party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Plaintiff has not cited to any information in the record in support of her Statement of Undisputed Facts.[90] Similarly, under Local Civil Rule 56, the statement of material facts is required to be supported by a record citation.[91] Under Local Civil Rule 56(f), "[t]he court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment." The Motion for Summary Judgment is also prematurely filed, particularly considering the recommendation that Plaintiff be required to clarify her pleadings.

**"Motion to Proceed Sui Juris"**[92]

This motion, which requests that Plaintiff be permitted to proceed without the requirement of representation by a lawyer, should be denied as moot. Under 28 U.S.C. § 1654, a non-lawyer is allowed to "plead and conduct their own cases personally." It is not necessary to file a motion

---

[89] R. Doc. 11.

[90] R. Doc. 11, p. 2.

[91] Local Civil Rule 56(b) and (f).

[92] R. Doc. 27.

requesting permission to do so. Plaintiff is reminded that, although she is not represented by a lawyer, she is required to follow the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Civil Rules of this Court.

## III. Recommendation

Plaintiff's multiple attempts to amend her pleadings in this case have created significant confusion as to the claims she intends to assert. Accordingly, it is recommended that Plaintiff be given a chance to clarify her pleadings by being ordered to file a comprehensive amended complaint that contains all her claims against each defendant, and that clearly and succinctly states the basis for relief against each defendant, without reference to any other document in the record. Because it is recommended that Plaintiff be allowed a final opportunity to amend, the Motion to Dismiss, filed by Lake View Servicing Corporation and LoanCare, LLC should be denied as moot, without prejudice to reurging when Plaintiff's claims are clarified. The remaining pending motions should be denied for the reasons explained above as to each one.

**IT IS RECOMMENDED** that the "Motion for Leave to File Second Amended Complaint,"[93] filed by Plaintiff Mary Thorton, be **DENIED WITHOUT PREJUDICE** to Plaintiff filing a comprehensive amended complaint that contains all her claims against each defendant, and that clearly and succinctly states the basis for relief against each defendant, without reference to any other document in the record. Plaintiff should be advised that this is her final opportunity to amend her complaint without a showing a good cause and that this amended complaint will take the place of all previously filed complaints and/or amendments. Plaintiff should be given twenty-one (21) days from any ruling adopting this Report and Recommendation to amend her complaint.

---

[93] R. Doc. 28.

**IT IS FURTHER RECOMMENDED** that Lakeview and LoanCare's Motion to Dismiss[94] be **TERMINATED WITHOUT PREJUDICE** to reurging once Plaintiff's claims are clarified.

**IT IS FURTHER RECOMMENDED** that the following motions, filed by Plaintiff Mary Lee Thornton, be **DENIED** for the reasons explained above: "Motion to Dismiss, Motion to Compel Production of Original Note, and Verified Federal Complaint for Damages Under the False Claims Act, Fraud, Deceptive Practices, Extortion, RESPA, FDCPA, RICO, and Other Claims";[95] "Plaintiff's Omnibus Filing: Combined Motions to Decline Magistrate and Separate Defendants; Motion to Void 'Death Pledge'; and Verified Counterclaim for $5,000,000";[96] "Praecipe to the Clerk of Courts (Writ of Instruction to the Clerk of Courts) Regarding Petitioner's Petition to the Court for the issuance of a Writ of habeas Corpus;"[97] "Plaintiff's Omnibus Filing: Motion for Leave to Amend; First Amended Verified Counterclaim; and Proposed Order;"[98] "Motion for Summary Judgment to Void Mortgage";[99] and "Motion to Proceed Sui Juris."[100]

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve this Report and Recommendation on Plaintiff Mary Lee Thornton by regular mail and by certified mail, return receipt requested at her address on PACER.

Signed in Baton Rouge, Louisiana, July 29, 2026.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[94] R. Doc. 30.

[95] R. Doc. 3.

[96] R. Doc. 7.

[97] R. Doc. 8.

[98] R. Doc. 9.

[99] R. Doc. 11.

[100] R. Doc. 27.